UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT TACOMA

| | |
|---|---|
| BRITTON ROBERTS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTVIEW LANDSCAPES, LLC, a Foreign Limited Liability Company, and DOES 1-10 inclusive,<br><br>Defendants. | NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Superior Court for Pierce County, Washington<br><br>Case No. 25-2-08212-7 |

Defendant BrightView Landscapes, LLC (hereafter "BrightView" or "Defendant"), by and through their undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for Pierce County to the United States District Court for Western District of Washington at Seattle. This removal is based on diversity, 28 U.S.C. § 1332(b), 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), and 28 U.S.C § 1441(a) and (b). It is timely under 28 U.S.C. § 1446. This Notice



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

is supported by the accompanying Declarations of Matthew J. Macario ("Macario Decl.") and Declaration of Kevin Karl in Support of Removal ("Karl Decl.").

## I. BACKGROUND

On May 1, 2025, Plaintiff Britton Roberts ("Plaintiff"), on behalf of herself and all other similarly situated, filed a complaint entitled "Class Action Complaint for Discrimination Based on Defendant's Violations of Washington's Wage Transparency Law (RCW 49.58.110)" in the Superior Court of Washington State for Pierce County entitled, *Roberts v. BrightView Landscapes, LLC,* Case No. 25-2-08212-7 ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, process, pleadings, and orders served upon Defendant are provided herewith. Macario Decl., Exhs. 1-4. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for Pierce County, from which this case was removed, and serve these documents on Plaintiff. Copies of the state court Notice of Removal to Federal Court are attached hereto as **Exhibit A**.

The Complaint purports to seek relief related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, which sets out requirements for job postings. Specifically, the Complaint seeks (1) statutory damages for alleged violations; (2) attorney's fees, (3) injunctive relief; and (4) declaratory relief.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

## II. REMOVAL IS TIMELY

This removal is timely because even if this case was not removeable when filed, a defendant "can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal" that did not previously exist. *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 789 (9th Cir. 2018) (internal citations omitted). A change of law constitutes such a subsequent event justifying successive removal. *Id.* The Washington Supreme Court's September 4, 2025 decision in *Branson v. Washington Fine Wine & Spirits, LLC* effected such a change of law. *Branson*, 574 P.3d 1031, Case No. 103394-0, 2025 WL 2536266 (Wash. Sept. 4, 2025). As explained more fully below, before *Branson*, the United States District Court for the Western District of Washington held that plaintiffs like Mr. Roberts lacked Article III standing because they failed to identify an injury to an interest protected by the statute they rely on, RCW 49.58.110. *Branson* clarified that the legislature intended to protect the injuries alleged by plaintiffs like Ms. Roberts. This change of law makes this removal timely. This change of law makes this removal timely. Accordingly, this Notice and Petition for Removal has been filed within 30 days of the Washington Supreme Court's September 4, 2025 decision in *Branson*. This removal is made without waiver of any defenses, including personal jurisdiction or service of process.

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a)



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

and is properly set the district where the action is pending). This Court (the Western District of Washington at Tacoma) embraces the Pierce County Superior Court, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV. SUBJECT MATTER JURISDICTION EXISTS

As set out below, this action is removable per 28 U.S.C. § 1441(a) as (1) it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy and/or (2) it meets CAFA's requirements because: (a) it is a putative class action in which at least one Plaintiff is a citizen of a state different from a primary defendant, satisfying its minimal diversity requirements (28 U.S.C. § 1332 (a)(1)), and (b) the proposed class is estimated to exceed 100 members, and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Lastly, Plaintiff has alleged sufficient facts to establish Article III standing for jurisdictional purposes.

### A. Section 1332 (a) (1) – Diversity Jurisdiction Exists.

There is complete diversity of citizenship between the named Plaintiff and Defendants.

1. Plaintiff's Citizenship

According to Plaintiff's Complaint, she is a resident of Sumner, Washington. Complaint ¶ 10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries*, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*,



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Therefore, Plaintiff's own assertions in the Complaint show that she is a resident, citizen of, and domiciled in Washington state.

2. <u>Defendants' Citizenship</u>

A corporation is a citizen of its state of incorporation and where it has "principal place of business," or "nerve center"; that is, a corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may only have a singular "principal place of business," which is "typically" the corporation's "nerve center." *Id.* Defendant is incorporated in the State of Delaware and headquartered in Blue Bell, Pennsylvania. High level officers of BrightView work, direct, control, and coordinate activities from Blue Bell, Pennsylvania. Karl Decl., ⁋ 4.

3. <u>The $75,000 Amount-in-Controversy is Met</u>

For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff or any punitive class member is entitled to any relief, to determine the amount in controversy, the Court must assume the Complaint's allegations are true and that a jury will return a verdict for the plaintiff(s) on all



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

claims alleged. *Cain*, 890 F. Supp. 2d 1246, 1246 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (Internal quotation omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any results of the litigation, excluding interests and costs, that 'entail[s] a payment by the defendant.'" *Gonzales v. CarMax Auto Superstores*, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted).

Here, Plaintiff seeks: "[s]tatutory damages of $5,000.00 to Plaintiff and Class Members, pursuant to RCW 49.58.070 (1), plus interest, and reasonable attorneys' fees and costs." Complaint ¶ Prayer for Relief (C). Plaintiff describes the putative class broadly as "all individuals who, from January 1, 2023 through the present (the 'Class Period') applied for a job opening in the State of Washington with Defendant." Complaint, ¶ 22. Plaintiff does not define "applied" and also fails to distinguish among hired employees, hired applicants who ultimately declined the job, applicants who received interviews but not job offers, or even those who submitted applications regardless of skills, qualifications, or actual interest in employment, each of whom may have applied to a distinct job posting that requires an independent analysis of liability.

Putting aside that Plaintiff's vague class definition overstates the reasonable reach of RCW 49.58.070(1), and the Complaint does not plead a legally tenable class claim, potential statutory damages would easily exceed the $75,000. Here, Plaintiff seeks: "[s]tatutory damages of $5,000.00 to Plaintiff and Class Members, pursuant to RCW 49.58.070 (1), plus interest, and reasonable attorneys' fees and costs." Complaint ¶ Prayer for Relief (C). Based on its preliminary analysis, Defendant estimates that from January 1, 2023 to present, approximately 1,878 unique individuals applied to allegedly noncompliant Washington job



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

postings. Karl Decl. ¶ 7. Assuming these 1,878 individuals qualify as an "applicant" and prove they are entitled to the alleged $5,000 maximum statutory damages per RCW 49.58.070(1) for a noncompliant posting, the amount-in-controversy easily exceeds $75,000: 1,878 x $5,000 = $9,390,000.

**B. Section 1332(d)(2) – CAFA Jurisdiction Exists.**

The Court also clearly has jurisdiction under CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusion of interests and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d)(2) and (6). As the Ninth Circuit has noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to removal); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). CAFA's prerequisites are clearly met here.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

1. Minimal Diversity Exists

As this case has diversity of citizenship for § 1332 (a)(1) standards, it easily meets CAFA's diversity standard. CAFA only requires minimal diversity – that is, that any one plaintiff is a citizen of a different state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453. *See also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). Minimal diversity exists for the reasons set out in Section A.

2. The Putative Class Exceeds 100 Individuals

CAFA requires at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiff defines the class as:

> All individuals who, from January 1, 2023, through the present (the 'Class Period') applied for a job opening in the State of Washington with Defendant where the job posting did not disclose the wage scale or salary range for the position, or a general description of all the benefits and other compensation to be offered to the hired applicant.

Complaint, ¶ 22. By Plaintiff's own estimation, there are enough individuals who applied for jobs that "[j]oinder of all members is impracticable." Complaint, ¶ 24. Defendant has preliminarily calculated that the putative class includes approximately 1,878 individuals who applied to Washington job postings who provided a Washington address during the putative class periods for purportedly non-compliant postings. Karl Decl. ¶ 7.

3. Amount in Controversy under CAFA

For CAFA, the amount in controversy must meet or exceed five million dollars in **aggregate.** 28 U.S.C. § 1332(d)(2), (6). Statutory damages and attorneys' fees authorized by statute are included. *See also e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 – 73 (9th Cir. 2020) (alleged punitive damages are counted); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 – 94 (9th Cir. 2018) (statutory or actual attorney fees);



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

*Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911, 912 (10th Cir. 2016) (statutory damages). Here, assuming the 1,878 individuals (Karl Decl., ⁋ 7) qualify as an "applicant" and prove they are entitled to the alleged $5,000 maximum statutory damages per RCW 49.58.070(1) for a noncompliant posting, the amount-in-controversy easily exceeds $5 million: 1,878 x $5,000 = $9,390,000. Attorney fees alone in a case such as this could reach over $1 million. As noted above, although Defendant denies that Plaintiff or any punitive class member is entitled to any relief, the total "amount at stake in the underlying litigation" clearly exceeds five million.

Defendants emphasize that this is not a liability concession, and a party need not make such a concession to remove under CAFA. *Lewis*, 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint). *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (vacating order or remand where trial court seemed to impose a requirement that the defendant prove it actually violated the law at the assumed rate of violation in order to estimate the amount in controversy). Defendant has thus satisfied the CAFA thresholds to support removal.

**C. Article III Standing**

As noted above, *Branson v. Washington Fine Wine & Spirits, LLC* changed the law in assessing the zone of interests RCW 49.58.110 protects and in doing so, affirmed that Plaintiff has Article III standing. *Branson*, 574 P.3d 1031, Case No. 103394-0, 2025 WL 2536266 (Wash. Sept. 4, 2025).

Article III requires plaintiffs show they suffered an injury in fact to an interest within the zone the statute was intended to protect. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

(1992). Before *Branson*, the United States District Court for the Western District of Washington held in some cases that the named putative class representative plaintiff failed to adequately plead facts to show Article III standing. *See e.g. Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1070 (W.D. Wash. 2024), *modified on reconsideration*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024) (a "nominal [job] applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof. There is no risk of harm to someone browsing job postings with no intent to apply or with intent only to find those that have no compensation included so they can go through the motion of applying and then sue for the technical violation") ; *Wright v. HP Inc.*, No. 2:24-CV-01261-MJP, 2024 WL 4678268, at *3 (W.D. Wash. Nov. 5, 2024) ("But these allegations fail to show any actual harm against which the EPOA intends to protect. Particularly, Wright does not allege that she was offered an interview or that she engaged in any pay negotiations."). *See also* Amended Order Granting Motion to Dismiss, *Alexander Floyd v. Insight Global LLC*, et al, No. 23-cv-1680-BJR, ECF No. 37 (May 10, 2024) (Rothstein, J.) (Exh. 13 to Macario Decl.).

Generally, District Courts in this District have held that while plaintiffs applying to a deficient job posting without bona fide intent may suffer injury in wasting their time, RCW 49.58.110 was only "designed to prevent" such harm to bona fide applicants. *Kent v. HCL Techs. Ltd.*, No. C24-1332 MJP, 2024 WL 4825383, at *3 (W.D. Wash. Nov. 19, 2024). *See also Atkinson v. Aaron's LLC*, 23-CV-1742-BJR, 2024 WL 2133358, at *9 (W.D. Wash. May 10, 2024) ("Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.") But the District Court also recognized that the then-forthcoming *Branson* decision could



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

implicate the Court's remand analysis: "while . . . Article III standing and state statutory standing are different, and that the Washington Supreme Court [in *Branson*] is focused on the latter, the analyses under both are undisputedly intertwined." *See Floyd v. Photon InfoTech Inc.*, C24-01372-KKE, 2024 WL 5075017, at *2–3 (W.D. Wash. Dec. 10, 2024 (citing *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1145 (9th Cir. 2024) (finding that an "economic injury" element of a California False Advertising Law violation is intertwined with an injury-in-fact analysis). For all of these reasons, it would have been futile for BrightView to attempt removal when the Complaint was originally filed.

The state of the law is significantly different now. *Branson* held that RCW 49.58.110 is meant to protect all job applicants, regardless of their intent in applying. It also considered arguments that the job applicants who do not have a good faith intent to obtain employment lack statutory standing because they are not within the zone of interest protected by the statute and because they have not suffered an injury in fact, economic or otherwise." 2025 WL 2536266, at *7 n. While it declined to expressly address the standing argument, it "observe[d] that if a plaintiff meets the definition of job applicant, the plaintiff likely is within the protected zone of interest." 2025 WL 2536266, at *7 n. 7.

Here, Plaintiff has alleged a sufficient injury-in-fact for the purpose of Article III standing: (1) she "applied for an Enhancement Landscape Laborer job opening with Defendant in Puyallup, Washington"; (2) she "lost valuable time applying for jobs with Defendant for which the wage scale or salary range was not disclosed"; (3) "as a result of Plaintiff's and Class Members' inability to evaluate the pay for the positions, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiff and the Class Members were harmed." Complaint, ¶¶ 18-21. Plaintiff has alleged a concrete and



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

specific injury of "lost time" in her Complaint. *See* Complaint ¶ 19 (alleging "Plaintiff and the Class Members lost valuable time applying for jobs with Defendant"). The Ninth Circuit has held similar allegations about lost time or opportunity costs to be sufficient to plead Article III standing and support removal. For example, in *Thaukur v. Trump*, the court held that the putative class representative's allegations of injury in the form of lost opportunity costs were sufficiently "concrete" to plead standing. 148 F.4th 1096, 1105 (9th Cir. 2025); *see also Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 692 (C.D. Cal. 2019) (holding that loss of time, even an amount of time that appears "small," is sufficient to plead Article III standing).

Plaintiff's allegations go far beyond what the court in *Branson* held sufficient to bring a claim at the pleading stage under the EPOA – they also establish an injury-in-fact sufficient for Article III standing. Nevertheless, even though plaintiff has alleged sufficient standing for federal court jurisdiction, this does not mean that his allegations in the pleading will survive a Rule 12(b)(6) motion to dismiss (nor do they establish whether plaintiff is entitled to recover damages, represent a class, or survive summary judgment).).

## V. <u>NOTICE OF REMOVAL</u>

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Pierce County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as **Exhibit A**.

## VI. <u>CONCLUSION</u>

Subject matter jurisdiction exists under 28 U.S.C. § 1332(d) because there is minimal diversity of citizenship because at least one putative class member is a citizen of Washington,



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

specifically Plaintiff, and Defendant is a citizen of Pennsylvania. The putative class exceeds 100 members, and as pled, the aggregate amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and all other legal authority cited herein, and Defendant has properly removed this Action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and all other defenses or objections.

Respectfully submitted this 3rd day of October 2025.


FISHER & PHILLIPS LLP

By *s/Matthew J. Macario*
Matthew J. Macario, WSBA #26522

By *s/Sieu Che*
Sieu Che, WSBA #40422

*By s/Jeremy F. Wood*
Jeremy F. Wood, WSBA #51803

Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-682-2308
Facsimile: 206-682-7908
Email: mmacario@fisherphillips.com
Email: sche@fisherphillips.com
Email: jwood@fisherphillips.com
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Craig J. Ackermann, WSBA 53330
Brian Denlinger, WSBA 53177
Avi Kreitenberg, WSBA 53294
Ackermann & Tilajef, P.C.
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com

*Attorneys for Plaintiff*

Executed on October 3, 2025, in accordance with 28 USC § 1746., at Seattle, Washington.

________________________
Tammy Weisser, Legal Secretary



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

# Exhibit A

HONORABLE REBECCA K. REEDER

THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF PIERCE

| | |
|---|---|
| BRITTON ROBERTS, on behalf of herself and all others similarly situated,<br>Plaintiff,<br>vs.<br><br>BRIGHTVIEW LANDSCAPES, LLC, a Foreign Limited Liability Company, and DOES 1-10 inclusive,<br>Defendants. | NO. 25-2-08212-7<br><br>**NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**<br><br>(CLERK'S ACTION REQUIRED) |

TO: CLERK OF THE COURT;

TO: BRITTON ROBERTS, Plaintiff

AND TO: COUNSEL OF RECORD for Plaintiff.

NOTICE IS HEREBY GIVEN, under 28 U.S.C. § 1446(d), that on October 3, 2025 Defendant Brightview Landscapes, LLC, filed a Notice of Removal of the above-entitled action in the United States District for the Western District of Washington. Attached is a copy of the Notice of Removal.

YOU ARE ALSO ADVISED that with the filing of this Notice of Removal, the Superior Court of the State of Washington Pierce County ceased to have jurisdiction over this action and may proceed no further unless and until the case is remanded.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

DATED this 3rd day of October 2025.

FISHER & PHILLIPS LLP

By _s/Matthew J. Macario_
Matthew J. Macario, WSBA #26522

By _s/Sieu Che_
Sieu Che, WSBA #40422

*By s/Jeremy F. Wood*
Jeremy F. Wood, WSBA #51803

Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-682-2308
Facsimile: 206-682-7908
Email: mmacario@fisherphillips.com
Email: sche@fisherphillips.com
Email: jwood@fisherphillips.com

*Attorneys for Defendant*