The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRITTON ROBERTS,

    Plaintiff,

v.

BRIGHTVIEW LANDSCAPES, LLC,

    Defendant.

NO. 25-cv-5894-BJR

**ORDER GRANTING REMAND**

## I.  INTRODUCTION

Plaintiff, Britton Roberts, originally filed this case in Pierce County Superior Court alleging that Defendant, Brightview Landscapes, LLC, had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position.[1] Defendants removed the case to this Court on the basis of diversity jurisdiction and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, ECF No. 1. Now pending before the Court

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER GRANTING REMAND

- 1

is Plaintiff's Motion to Remand, ECF No. 9. Having reviewed the materials,[2] the record of the case, and the relevant legal authorities, the Court will grant Plaintiff's motion and remand this case to Pierce County Superior Court. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On April 23, 2025, Britton Roberts applied for a job opening as an Enhancement Landscape Laborer with Brightview in Puyallup, Washington. Compl. ¶¶ 10, 18, Ex. A,[3] ECF No. 1-2. She alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶ 18; Ex. A. She further alleges that she "lost valuable time applying for jobs" and was "harmed" as a result of the inability to evaluate the pay for the position. *Id.* ¶¶ 19, 21. Ms. Roberts also claims to represent "hundreds" of potential class members who also applied for jobs with Brightview for positions that did not disclose the wage scale or salary range. *Id.* ¶¶ 10, 15, 24. Ms. Roberts' complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs, and subsequently removed to this Court by the defendants. Ms. Roberts filed the pending motion seeking remand back to state court, asserting that this Court lacks subject matter jurisdiction because she lacks Article III standing to proceed in federal court. Mot. Remand 2.

## III.   LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action

---

[2] Including Plaintiff's remand motion, ECF No. 9; response in opposition, ECF No. 13; and reply, ECF No. 14.
[3] The Court notes that the exhibit shows a job posting on Indeed.com, although it is not evident that Ms. Roberts applied for the job. *See* Compl. Ex.A, ECF No. 1-2.

ORDER GRANTING REMAND

- 2

arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### IV.    DISCUSSION

Ms. Roberts requests that this matter be remanded for lack of Article III standing and subject matter jurisdiction. Mot. Remand 2 (citing multiple similar cases that have been remanded). "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d

ORDER GRANTING REMAND
- 3

528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); s*ee also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

"[T]o establish standing, a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

As Ms. Roberts argues, this Court has found in similar— virtually identically pleaded— cases, that the plaintiffs failed to allege that they applied for the posted positions in good faith with a genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No. 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D. Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). At issue in those cases, as here, is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).

ORDER GRANTING REMAND

- 4

To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Injury is particularized if it affects a plaintiff "in a personal and individual way." *Id.* at 560 n.1. And it is concrete if it "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 340 (2016) *as revised* (May 24, 2016) (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id.* at 341 (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused [her] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

Intangible injuries, such as the omission of statutorily required information, "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340-41). To determine whether the violation of a statute constitutes a concrete harm, the Ninth Circuit engages in a two-part inquiry. *Magadia*, 999 F.3d at 679. First, a court considers "whether the statutory provisions at issue were established to protect .

ORDER GRANTING REMAND
- 5

. . concrete interests (as opposed to purely procedural rights)." *Id.* (citation omitted). The court then assesses "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In *Floyd* and *Atkinson*, referred to above, this Court further reviewed various cases that analyzed statutory violations in the context of Article III standing and concluded that the statutory violation at issue here is distinctly different from those cases that relate to privacy interests or where misleading information creates a risk of harm. *See* 2:23-cv-01680-BJR; No. 2:23-cv-01742-BJR. The Court found that in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm. *Id.* Indeed, in *Magadia*, the Ninth Circuit Court confirmed that the "'procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court.' The plaintiff must further allege 'at least that the information had some relevance to *her*.'" 999 F.3d at 679-80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). This Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm sufficient to satisfy an injury-in-fact. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and became personally exposed to the risk of harm caused by the violation.

Brightview argues that Ms. Roberts alleged actual harm by pleading that she "lost valuable time"[4] and that she was "harmed" as a result of the inability to evaluate the pay for the position. Opp'n 2 (quoting Compl. ¶¶ 19, 21). Brightview contends that these allegations represent a

---

[4] The Court notes that any time wasted in applying for a job without good faith is actually a self-inflicted harm.

ORDER GRANTING REMAND

- 6

1   cognizable informational injury and no further showing of harm is required. *Id.* at 3, 7-9. And
2   Brightview argues that the decision in *Branson* created a broad informational entitlement that
3   changes this Court's prior analysis of the statute's informational injury. *Id.* at 6, 8-9 (citing *Branson*
4   *v. Wash. Fine Wine & Spirits, LLC*, 5 Wn. 3d 289 (2025) (en banc)).

      The Court disagrees. First, Ms. Roberts' allegations fail to show any actual harm against which the EPOA intends to protect. *See Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025) (concluding that the EPOA's legislative history "confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate."); *see also Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) (stating that when a plaintiff "does not allege that he was offered employment or an interview," he "does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs."). Indeed, Ms. Roberts herself argues that she lacks Article III standing. Ms. Roberts' conclusory allegations of harm in her complaint are insufficient to allege Article III standing. *See Lujan*, 497 U.S. at 888 (holding that neither conclusory allegations nor conclusory affirmations are sufficient to confer standing). As this Court has stated before, a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof.

      Further, the state Supreme Court's decision in *Branson* does not change this Court's Article III standing analysis. The *Branson* court did not address standing—neither federal nor statutory—

ORDER GRANTING REMAND
- 7

but answered the question: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)?" 5 Wn. 3d at 293. The *Branson* decision clarifies that a plaintiff does not have to prove they are a "bona fide" or "good faith" applicant to qualify as a "job applicant" that can sue to obtain remedies under the statute. *Id.* at 305. But a plaintiff must still show an injury-in-fact for Article III purposes. *Spokeo II*, 867 F.3d at 1112. Ms. Roberts has failed to plead such an injury.

Brightview also contends that remand would be futile because the State court's standing jurisprudence is strikingly similar to Article III, and Ninth Circuit precedent requires dismissal if remand is futile. Opp'n 5-6, 12-15 (citing *Global Rescue Jets v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022)). In *Global Rescue*, the Ninth Circuit noted that there is a "narrow" exception to the general rule that a case must be remanded to the state court if it lacks subject matter jurisdiction—"if there is 'absolute certainty' that the state court would dismiss the action following remand." 30 F.4th at 920 n.6. Acknowledging Brightview's observation that Washington's standing jurisprudence is similar to Article III, Opp'n 14, the Court is not convinced that there is an "absolute certainty" this case would be dismissed by the Washington state court for lack of standing.[5] The State court is a court of general, rather than limited, jurisdiction, and "the Washington Constitution places few constraints on superior court jurisdiction." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 829 (2016). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the

---

[5] The Court notes that Brightview provides no cites of similar cases being dismissed in state court for lack of standing, whereas Ms. Roberts cites three example cases in which Washington state courts have denied motions to dismiss virtually identical claims. Reply 10.

ORDER GRANTING REMAND

- 8

matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Federal Article III standing is a mandatory jurisdictional hurdle that exists independently of the legal theory at issue; a federal court lacks the power to rule if the plaintiff cannot demonstrate standing. *See Warth*, 422 U.S. at 498. Because this Court has determined that Ms. Roberts does not have Article III standing, this Court lacks subject matter jurisdiction, and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

## V.    CONCLUSION

For the foregoing reasons,

1. Plaintiff's Motion to Remand, ECF No. 9, is GRANTED for lack of Plaintiff's Article III standing; and

2. This case is remanded to Pierce County Superior Court.

DATED this 7th day of January 2026.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
United States District Court Judge

ORDER GRANTING REMAND

- 9